## Case No. 8,082.

### LAPHAM v. IVES.

[8 Reporter, 6; [1] 25 Int. Rev. Rec. 186; 13 West. Jur. 357; 11 Chi. Leg. News, 297.]

Circuit Court, S. D. Illinois. March, 1879.

MORTGAGES—FORECLOSURE SALE — REDEMPTION—POSSESSION OF MORTGAGOR—RECEIVER FOR RENTS AND PROFITS.

Where real property is sold under foreclosure, subject to the right of redemption, the mortgagor is, in general, entitled to the possession until the period for redemption has elapsed. But if it appears that the rights of the purchaser are impaired, or likely so to be, by such possession, the court will appoint a receiver of the rents and profits, after sale, and before the right to redeem has expired.

A receiver was appointed of the rents and profits of certain real estate in this case, under the following circumstances: There had been a mortgage on the property, and a decree of foreclosure and sale, the sale being subject to the right of redemption. The property was sold for considerably less than the amount due on the mortgage. This was a motion to rescind the order appointing the receiver.

DRUMMOND, Circuit Judge. A motion is made to rescind the order appointing the receiver (appointed after the sale), on the ground that the mortgagor is entitled to possession of the property, and to the use of the rents

and profits up to the time when the right of redemption ceases. This is undoubtedly true, provided the mortgagor does nothing to jeopard or affect the rights of the purchaser. For instance, if he holds possession of the property in the usual way, pays the taxes, commits no waste, and does nothing in any manner to impair the rights of the purchaser, the court will permit him to remain in possession. In this case the property at the sale was purchased by the mortgagee, and the court must assume that it was sold for all that he was willing to pay. It would seem rather unreasonable that the mortgagor should remain in possession of the property up to the expiration of the time of redemption, receiving the rents and profits, and allow it to be subject to liens which the purchaser may be obliged to remove in order to make it available to him. There would be no objection to this if the property is to be redeemed from the sale by the owner, but we must assume, in the consideration of this question, that it may not be redeemed, and if it is not, then the purchaser will have to pay any additional amount growing out of the neglect of the mortgagor while in possession of the property. In this case the mortgagor is insolvent, and, it is conceded, has not paid the taxes which are due on the property. This question has been fully considered heretofore by me in some cases that arose at Chicago, and where it was held that the mortgagor was not entitled—as of course under all circumstances after the sale—to retain possession of the property. The right of the purchaser to a receiver is not an absolute but a qualified right, depending upon the fact whether his security is injuriously affected by acts done or omitted by the mortgagor. When the property on a foreclosure is sold for less than the amount due upon the mortgage, the mortgagee is entitled to a personal decree against the mortgagor for the balance due, and to an execution thereon. In most cases of foreclosure and sale, where the property is not of greater value than the amount bid, the mortgagor, not intending to redeem it from sale, if allowed to remain in possession, of course will do nothing to relieve the land from incumbrance arising from the nonpayment of taxes, or otherwise; and consequently the purchaser, when the time for redemption expires, will be obliged, in order to free the property from this incumbrance, to pay a considerable sum in addition to the amount which he has already paid for the land, and this while the mortgagor has been receiving the rents and profits. We think it would be unjust to allow the mortgagor under such circumstances to receive all the benefits and profits arising from the land, while he meets none of the burdens which are imposed upon it. Therefore the motion made in this case to rescind the order appointing a receiver will be overruled.

Motion overruled.

---

[1] [Reprinted from 8 Reporter, 6, by permission.]